CROWE, APPELLANT, *v.* LA MOTT ET AL., RESPONDENTS.

[Submitted November 2, 1893. Decided April 23, 1894.]

EQUITY—*Complaint to redeem—Chattel mortgage.*—In an action to redeem from a chattel mortgage a complaint which alleges that after the maturity of the debt the assignee of the mortgagee took possession of the property and has ever since held possession, treating the same as his own and selling portions thereof, but which does not allege any facts showing that in taking possession defendant in any manner violated the terms of the mortgage or otherwise wrongfully converted the property, fails to show grounds for equitable relief.

*Appeal from Seventh Judicial District, Yellowstone County.*

ACTION in equity to redeem from a chattel mortgage. Defendant's demurrer to the complaint was sustained by MILBURN, J. Affirmed.

*E. P. Cadwell,* for Appellant.

I. A mortgagor may maintain his suit in equity to redeem from a chattel mortgage after conditions broken, and after possession is taken of the mortgaged property by the mortgagee or his assignee. (Jones on Chattel Mortgages, § 801; 8 Am. & Eng. Ency. of Law, 200; *Heyland* v. *Badger,* 35 Cal. 404; *Brown* v. *Bement,* 8 Johns. 96; 3 Am. & Eng. Ency. of Law, 200; *Charter* v. *Stevens,* 3 Denio, 35; 45 Am. Dec. 444; *Sandford* v. *Flint,* 24 Mich. 26; *Van Brunt* v. *Wakelee,* 11 Mich. 177; *Porter* v. *Parmley,* 52 N. Y. 185; 2 Story on Equity Jurisprudence, § 1031; Story on Bailments, § 287; *Spaulding* v. *Barnes,* 4 Gray, 330; *Dupuy* v. *Gibson,* 36 Ill. 197; *Flanders* v. *Chamberlain,* 24 Mich. 305.)

II. The complaint is sufficient. (Jones on Real Estate Mortgages, 1090–99.) As to whether it is necessary to show and plead a tender kept alive in court, see *Daubenspeck* v. *Platt,* 22 Cal. 334; *Goldsmith* v. *Osborne,* 1 Edw. Ch. 560; *Waller* v. *Harris,* 7 Paige, 168; Jones on Chattel Mortgages, § 690;

*Lavigne* v. *Naramore*, 52 Vt. 267; *Tallon* v. *Ellison*, 3 Neb. 63-74; Jones on Real Estate Mortgages, § 1095; *Adams* v. *Nebraska etc. Bank*, 4 Neb. 370. When it is necessary to allege and show tender, see *Allerton* v. *Belden*, 49 N. Y. 373; *Lamb* v. *Jeffriey*, 41 Mich. 719. As to whether we are entitled to ask for an accounting in an action to redeem, see *Quin* v. *Brittain*, 1 Hoff. Ch. 353; *Barton* v. *May*, 3 Sand. Ch. 450.

*O. F. Goddard,* for Respondents.

Upon the breach of the condition the legal title to the chattels mortgaged becomes absolute in the mortgagee, and the mortgagor from thenceforth has no rights except such as are recognized by courts of equity. The mortgagee may thereupon take possession of the property, and so far as the legal rights of the parties are concerned he may treat it as his own, and may squander, destroy, or give it away. (Thomas on Mortgages, 145; Jones on Chattel Mortgages, 699-702; *Brown* v. *Bement*, 8 Johns. 95; *Ackley* v. *Finch*, 7 Cow. 290; *Langdon* v. *Buel*, 9 Wend. 80; *Patchin* v. *Pierce*, 12 Wend. 61; *Judson* v. *Easton*, 58 N. Y. 664; *Heyland* v. *Badger*, 35 Cal. 409.) After default the mortgaged property may be sold by the mortgagee as his own, and although the mortgage contain a power of sale, it will not be necessary for him to act under it in order to vest the title in the purchaser. If the mortgagee, after taking the property into his possession, has sold or destroyed it, and thereby put it beyond the power of the court to allow a redemption so as to reinvest the title in the mortgagor, the mortgagor may still seek compensation in equity, but relief in equity can be granted only upon payment or tender of payment of the whole mortgage debt, which must be averred and proved. To enforce his equity the appellant must do or appear to do equity, and that in an effective way. (Jones on Chattel Mortgages, §§ 684, 690; Thomas on Mortgages, 449; *Hall* v. *Ditson*, 55 How. Pr. 19; *Halstead* v. *Swartz*, 46 How. Pr. 289; *Heyland* v. *Badger*, 35 Cal. 412.)

Per CURIAM.—By this action plaintiff invokes the interposition of the equity power of the court to compel defendant to allow plaintiff to redeem certain goods and chattels from the

encumbrance of a mortgage thereon, and on such redemption to require defendant to deliver to plaintiff all of said chattels now in possession of defendant, and, further, to require defendant to account for all proceeds derived from sales of portions of said chattels since defendant took possession thereof, pretending to act pursuant to said mortgage.

The complaint sets forth: That to secure payment of three thousand dollars, evidenced by a promissory note executed and delivered by plaintiff to defendant Sebastian Wustum, plaintiff duly executed, acknowledged, and delivered to him a chattel mortgage of plaintiff's one-half interest in and to a certain band of horses, and other personal property, which said promissory note and mortgage were thereafter duly assigned and delivered to defendant La Mott. That, after maturity of the debt secured by said mortgage, defendant La Mott took possession of said chattels, and has ever since held possession thereof, treating the same as his own, and selling portions thereof, the proceeds of which sales amount to three thousand dollars. That said property was of the value of eighteen thousand dollars. (This averment not being clear, however, as to whether plaintiff's half interest, or the whole property, was of that value.)

In addition to said chattel mortgage executed and delivered to secure said debt, certain real estate was also mortgaged as further security for the same debt, which real estate was, on default of payment, after maturity, of said debt, sold, pursuant to the order of court, in a foreclosure action, in the sum of five hundred dollars, to be applied on said mortgage debt. That, since defendant La Mott took possession of said chattels, he executed and delivered to defendant Wustum a chattel mortgage thereon, purporting to secure a debt of three thousand dollars owing by La Mott to said Wustum. Wherefore, defendant Wustum is made party to this action, as still having an interest in said chattels. Plaintiff further alleges that he is able, willing, and desirous to pay all that may be found due on his said mortgage, and interest, after an accounting and credit thereon of the proceeds derived from sales of said chattels by La Mott since he took possession thereof, as well as the proceeds derived from the sale of said real estate under said foreclosure proceedings. And plaintiff asks that an

account be required by order of court as to said proceeds, and
to give credit accordingly, and ascertain the amount due on
said debt, and that redemption of said property be allowed and
enforced on behalf of plaintiff as aforesaid.

The complaint was demurred to on the averment that it fails
to state facts sufficient to constitute a cause of action.   This
demurrer was, on consideration by the court, sustained; and,
plaintiff having declined to amend his complaint, judgment
was entered in favor of defendants, from which plaintiff prose-
cutes this appeal, insisting that his complaint shows sufficient
grounds for equitable relief in the behalf demanded by plain-
tiff.

The demurrer was well taken, because, as appears from an
examination of the complaint, plaintiff entirely failed to allege
any fact showing that, in taking possession of said chattels,
defendant, in any manner, proceeded contrary to, or in neglect
or violation of, the terms of said mortgage.   According to
plaintiff's complaint, defendant La Mott took possession of
said chattels after maturity of the mortgage debt secured
thereby.   So far plaintiff proceeds according to the terms of
the mortgage, which is, *in hæc verba*, made part of plaintiff's
complaint.   Thereafter, if La Mott proceeded to extinguish
the title and right of redemption in plaintiff, by advertisement
and sale, according to the terms of said mortgage, or caused
the same to be done by action of the sheriff of said county,
according to law, and the terms of said mortgage, or accom-
plished the same by foreclosure thereof through action in court,
defendant may lawfully have become the purchaser of said
chattels, and still continue in possession, treating the same as
his own, as alleged in the complaint.   But that La Mott did
neglect to do those things the complaint does not show.   The
complaint is entirely silent upon these important and material
points.   It is not permissible to assume, without averment,
that a man proceeded wrongfully to convert property.   The
facts showing such wrongful conversion must be alleged.
Defendant La Mott may have done all the complaint alleges
in regard to said property, and yet violated no right or equity
of plaintiff, provided he likewise fulfilled the terms of said
mortgage as to advertisement and sale of the property, and

payment to plaintiff of any residue of the proceeds after satisfying the mortgage debt. If he fulfilled those conditions, and became purchaser of said property, his title may have thereby become absolute. But, if he neglected those conditions of the mortgage, there would be ground for an action on behalf of plaintiff; and a court of equity would grant relief if there appeared to be no adequate remedy at law, as for wrongful conversion—a question not raised on this appeal, and therefore not necessary to be here considered. But the complaint is entirely wanting in allegations showing that defendant neglected to proceed in his action regarding said chattels according to the terms and conditions of said mortgage, and therein the complaint appears to be insufficient. Judgment affirmed.

*Affirmed.*

PEMBERTON, C. J., and HARWOOD, J., concur.